UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEAN,<br><br>    Plaintiff,<br><br>    v.<br><br>GALT PLACE SENIOR LIVING,<br><br>    Defendant. | No. 2:18-cv-01693-KJM-CKD PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Michael Dean, who proceeds without counsel, commenced this action on June 11, 2018 and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2, 4.) The court granted the request, but simultaneously dismissed the action because the complaint failed to state a federal claim. (ECF No. 6.) Plaintiff was granted an opportunity to file an amended complaint, which he did on September 12, 2018. (ECF No. 7.) For the reasons discussed below, the court concludes that it lacks federal subject matter jurisdiction over the action. Accordingly, the court recommends that the action be dismissed without prejudice.

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).

The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Here, the court previously advised plaintiff that his complaint failed to invoke this court's jurisdiction because it failed to state a claim under federal law. (See generally, ECF No. 6.) Specifically, the court admonished plaintiff that "[a]lthough plaintiff apparently asserts a federal claim under 42 U.S.C. § 1983, such a claim generally does not lie against a private individual or business entity that does not act under color of state law." (Id. at 2 citing Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).)

The first amended complaint ("FAC") similarly fails to invoke this court's jurisdiction. Plaintiff alleges that defendant Galt Place Senior Living has committed various torts against him and lists his claims as "TORT[.] PERSONAL INSULTS[.] DAMAGED PROPERTY. PROPERTY INFESTED BY PEST. MEDICAL INJURY POISONING BY BUGS." (ECF No. 7 at 5.) On the form he used to file his FAC, plaintiff has checked a box that indicates that his claims are brought pursuant to federal question subject matter jurisdiction. (Id. at 3.) However, plaintiff's claims do not implicate federal law. First, the FAC fails to state a claim under 42 U.S.C. § 1983 because plaintiff does not allege that defendant violated any of his constitutional rights and because plaintiff has again failed to allege that defendant is a state actor. Second, the tort claims listed in the FAC are governed by state law.

Thus, the court plainly does not have federal question jurisdiction over this action. Additionally, there is no diversity of citizenship jurisdiction because both plaintiff and defendant are citizens of California.

Further leave to amend would be futile because plaintiff was previously advised that his complaint failed to state a claim that established this court's jurisdiction and yet he failed to cure this issue in the FAC. Indeed, nothing in the FAC suggests that plaintiff could plausibly state a federal claim against defendant.

2

Therefore, the court recommends that the action be dismissed for lack of federal subject matter jurisdiction without prejudice, so that plaintiff may bring his claims in the appropriate state court, if he so chooses.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED without prejudice for lack of subject matter jurisdiction.
2. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 3, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/ps.18-1693.dean.dismissal